## MARY LEWIS v. THE STATE.

### No. 4138.   Decided May 5, 1909.

**Local Option—Evidence.**

Upon trial of a violation of the local option law, the court erred in admitting in evidence, testimony that the defendant whipped her daughters and ran them away from home, the testimony having no relation to the case.

Appeal from the County Court of Mitchell.   Tried below before the Hon. W. B. Crockett.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J .McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law, her punishment being assessed at a fine of $100 and twenty days imprisonment in the county jail.

On the facts the issue was very sharp as to whether there was a sale or not.   The State's witness proves clearly and unequivocally a sale by appellant; she as emphatically denies it.   While Oliver was testifying in behalf of the State he was asked by the county attorney if he did not know that the defendant had had many fusses and fights, and at one time whipped her daughters and ran them away from home.   Objection was urged to this for the reason that same tended to prove no issue involved in the trial, and could prove no issue, and was only offered for the purpose of prejudicing the minds of the jury against appellant.   These objections were overruled, and the witness was permitted to answer that appellant had had many fusses and fights, and at one time had whipped her daughters and ran them away from home. The court approves the bill as follows: "That defendant herself had testified that she had had trouble with a number of persons, as shown by the statement of facts, which testimony was admitted without any objection from either party."   Recurring to the statement of facts, we find appellant's testimony in that respect as follows: "I have had trouble with these parties.   Yes, my husband and I have been separated."   The parties to whom she referred were named Jamerson, Lasseter, Callaway and "others."   We are of opinion that the testimony quoted in the bill, especially that in respect to the whipping of the daughters and running them away from home, was inadmissible.   It had no relation to the case on trial.   It certainly could not be used as impeaching testimony, and was not one of these extraneous matters which could be offered for that purpose under the circumstances of the

case. The jury gave appellant the highest possible punishment, inso-far as the fine was concerned, it being $100. We therefore think the error sufficiently important to require a reversal of the judgment.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*